## No. 11,808.

FINLAY & BRUNSWIG VS. LEO C. PERES AND MRS. MARY J. FINNEGAN, HIS WIFE.

A party who permits another to buy property in his name and for his benefit at a tax sale, and takes a counter letter, and afterward for a consideration, instructs the party, in whose name the title is vested, to retrocede the property to the tax debtor, and is present when the deed is made, will be estopped from asserting claim to the property.

A judgment creditor of the heir of the deceased can not, under such a state of facts, subject the property to the payment of his debt, on the ground that no title ever passed from the purchaser at tax sale, as evidenced by the counter letter.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

---

*B. R. Forman, Jr.*, and *Benjamin Rice Forman* for Plaintiffs, Appellants.

---

*Charles F. Claiborne* for Opponent, Appellee.

Argued and submitted November 6, 1895.
Opinion handed down November 18, 1895.
Rehearing refused January 6, 1896.

The opinion of the court was delivered by

McENERY, J.  The plaintiffs obtained judgment against the defendants in 1892.  Execution issued, and certain immovable property in the possession of the intervenor was seized.  The seizure was enjoined by him.  In answer to the intervention, plaintiffs set up title in the judgment debtor, Mary J. Finnegan, sole heir of W. H. Finnegan, who, it is alleged, purchased the property at tax sale.  Miss C. P. Winn, his mistress, purchased the property and gave a counter letter stating that the property was purchased with funds of W. H. Finnegan, and for his benefit.  The tax sale was dated 25th September, 1886.  The counter letter was recorded August 2, 1887.  The property seized was owned by Mrs. Ledig.  She swore that she had no notice served on her, as required by Art. 210 of the Constitution.  Her husband swore to the same fact.  We are inclined to the opinion that no notice was served on her, and that the tax sale was an absolute nullity.  Breaux vs. Negrotto, Jr., 43 An. 426.

But if it be conceded that the tax title was valid, when the judgment was rendered and recorded the title to the property stood on the records in the name of intervenor.  He purchased the property from Mrs. Ledig on December 9, 1857.  She had previously, for the consideration of twenty-five dollars, obtained from Mrs. C. P. Winn a retrocession of the property.

August Baab, the husband of Mrs. Ledig, after it was discovered the property had been sold for taxes, went to Finnegan to get the property back.  Finnegan went with him to see Miss Winn, in whose name Finnegan had placed the property.  It was agreed that for twenty-five dollars—fifteen cash and ten on credit, a deed of the property would be made to Mrs. Ledig.  The deed for the cash price was executed before a notary public, in the presence of Finnegan.  A note was executed by August Baab, the husband, for the sum of ten dollars, the balance due.  Finnegan brought suit on this note against Baab and wife, Mrs. Ledig.  There was judgment against both defendants.  The judgment was satisfied so far as Finnegan was interested.

2

The intervenor gave eight hundred dollars for the property and put on it improvements to the amount of two thousand dollars.

It is contended by plaintiffs that there is no written evidence that Finnegan sold the property, and that the counter letter stands on the record as evidence of his title, which the judgment debtor in herited.

He had placed the property in the hands of Miss Winn and verbally instructed her to make title to Mrs. Ledig. He was present when the deed was made, and received the price of the retrocession of the property.

We see no difference in this case and that where a party stands by and sees his property sold without objection. Finnegan, if he were living, would be estopped from asserting title to the property. His heir has no greater rights than he had, and certainly the creditors of the heir have no superior rights. Finlay & Brunswig are not to be likened to inocent third parties, who are deceived by the records or by the acts of the parties.

Every consideration of right and justice demands an affirmation of the judgment.

Judgment affirmed.